SEWELL LIPSCOMB v. THE STATE.

No. 13559.   Delivered November 12, 1930.
Rehearing denied February 4, 1931.
Reported in 34 S. W. (2d) 868.

The opinion states the case.

*Mathis & Mathis, J. Meek Hawkins,* and *E. H. Cavin,* all of Houston, for appellant.

*O'Brien Stevens,* Crim. Dist. Atty., and *E. T. Branch,* both of Houston, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MARTIN, JUDGE.—Offense, assault to murder; penalty, two years in the penitentiary.

The injured party with a party of friends was listening to a radio in the City of Houston. They heard a woman scream. They ran out. She was hallooing, "Help, police." They went to her assistance. When the injured party got to where appellant was, he was lying on the ground. He had apparently been knocked down by one of the parties. He afterwards started to attack a Mr. Maher, one of the rescuing party, and was again knocked down. He was then taken to the gallery of his home and placed in a chair by parties other than the injured party. These, as they went to leave, heard his wife say, "Look out. Please don't do that, you mustn't do that," to which appellant replied, "Yes, I will. I will teach these s— of b— to interfere with my family." Parties who had assisted him to the porch ran. Appellant ran out into the street and encountering the prosecuting witness, who was walking down the street, cut him with a knife. He slashed him across the left arm. One rib and his diaphragm were cut entirely in two. He desisted when told by the father of prosecuting witness that the man he was after had run off down the street.

This is in brief the substance of the incriminating facts against appellant. For himself he testified in substance that he did not know what happened after he was struck by Maher. He did not remember cutting the party. He does testify, however, that he remembers hearing his wife say on the gallery, "Look out, he has got a knife." His wife testified that she made this statement and then ran and does not know what happened afterwards. The cutting above detailed occurred after this.

It is urgently insisted that the court erred in failing and refusing to charge on self-defense. Assuming, but not deciding, that such a question was properly raised in the court below, we are of the opinion that the evidence does not raise the issue. The court defensively charged on the unconscious condition of the appellant, instructing in substance to acquit if they believed he had been rendered in such mental condition by the blow that he did not know the nature and quality of his act or if reasonable doubt existed as to this fact. Appellant testifies to no attack or threatened attack by

anyone nor to the fear of any such. No other witness testifies for him that preceding his assault upon the prosecuting witness that he was being attacked or about to be attacked by anybody. The facts do not in our opinion raise the issue of self-defense, but on the contrary conclusively show an unprovoked attack by appellant.

There are twenty-eight bills of exception in the record. Some of these contain objections without any certificate as to the truth of same, others are without any background whatever showing the alleged materiality of the testimony and still others present trivial matters. A discussion of these bills would seem to serve no useful purpose.

Under the facts, as we view them, a jury properly regarding its oath, could have returned no other verdict than one of guilt. The appellant received the minimum penalty and as we view the record, he has a merciful jury to thank that it was not more.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

HAWKINS, J., absent.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—We do not think Prater's case, 60 Texas Crim. Rep. 88, authority for holding, on facts like these before us here, that the trial court should have submitted self-defense. In that case Prater swore that Brown, one of the injured parties, struck him in the mouth, that somebody walked up with a hatchet, and that he knew nothing more; that he did not cut the injured party because he had no knife. Brown told him to shut up and hit him, and that after that he knew nothing. In its opinion this court said, in substance, that if Prater, after Brown struck him, struck Brown and Orby while they were beating him, this would be a defensive act and would entitle him to a charge on self-defense. In the case before us, according to the uncontradicted testimony, after appellant had been carried a distance of something like two thirds of a block and put on his porch by two men, one of whom had intervened to try to prevent an assault by appellant upon his wife, according to the State's theory,—appellant left said porch with threats, came down to the street, ran down the sidewalk to a man

who had taken no part in what preceded, and cut said man twice with a knife seriously. Appellant's wife, who is one of the witnesses relied upon as raising self-defense, swore that while appellant was on his porch she left the scene and saw no more of the trouble. The fact that appellant had been struck and knocked down twice before he was carried to his porch, the distance above referred to, according to witness Robertson, would seem to afford appellant no ground for claiming self-defense in cutting another man who had neither assaulted him, nor taken any part in the difficulty before the cutting, but who was walking along the street when appellant ran down from his porch, ran toward said party and cut him.

In his motion for rehearing, in a general way, appellant complains that his bills of exception presenting other supposed errors, were not considered. Neither in his original brief nor in his motion for rehearing, does appellant discuss any other question save the error of the refusal to charge on self-defense. True he copies his motion for new trial in his brief, but advances no reasons, cites no authorities, makes no insistence by argument or otherwise that in any particular the other matters were erroneous. We feel constrained to agree with the writer of the original opinion who, after examination of same, concluded none of the other complaints merit discussion.

The motion for rehearing will be overruled.

*Overruled.*